23-8058
Tamay Tamay v. Bondi

BIA
Prieto, IJ
A220 224 309/310/311/312

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-six.

PRESENT:
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

JORGE MANUEL TAMAY TAMAY,
MARIA CLEMENCIA TAMAY
SIGUENCIA, J.S.T.T., E.G.T.T.,
> *Petitioners,*

v.                                                          23-8058
                                                            NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.\**

_____

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

_____

FOR PETITIONERS:           Paul B. Grotas, Esq., The Grotas Firm, P.C.,
                           New York, NY.

FOR RESPONDENT:            Brian P. Boynton, Principal Deputy Assistant
                           Attorney General; Anthony P. Nicastro,
                           Assistant Director; Dana M. Camilleri, Senior
                           Trial Attorney, Office of Immigration
                           Litigation, United States Department of
                           Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of
Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is DENIED.

Petitioners Jorge Manuel Tamay Tamay, Maria Clemencia Tamay Siguencia,
and their children, natives and citizens of Ecuador, seek review of a decision of the
BIA affirming a decision of an Immigration Judge ("IJ") denying Tamay
Siguencia's application for asylum, withholding of removal, and relief under the
Convention Against Torture ("CAT").[1] *In re Jorge Manuel Tamay Tamay, et al.*,
Nos. A220 224 309/310/311/312 (B.I.A. Dec. 7, 2023), *aff'g* Nos. A220 224
309/310/311/312 (Immigr. Ct. N.Y.C. May 31, 2022). We assume the parties'

_____

[1] Tamay Tamay and the children were derivative asylum applicants on Tamay Siguencia's
application.

familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear (asylum) or likelihood (withholding) of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A), (C). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases) . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir.

3

2022). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) (quotation marks omitted).

The agency was not required to engage in a mixed motive analysis and was not compelled to conclude that the proposed social group was a central reason Tamay Siguencia and her family were or would be targeted because they alleged only that gang members were motivated by criminal incentives of recruiting people to assist them in trafficking drugs. *See id.*; *see also Garcia-Aranda*, 53 F.4th at 757 ("[T]he fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." (quotation marks omitted)); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").

Because Petitioners did not satisfy their burden of showing a nexus to a protected ground, the agency did not err in denying asylum and withholding of

4

removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A), (C). We do not reach the agency's other findings because the nexus finding is dispositive of asylum and withholding. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Petitioners have abandoned CAT relief by not addressing it in their brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court